### TALBERT v. CHARLESTON & WESTERN CAROLINA RY.

1. INJURY TO INFIRM PASSENGER—CONDUCTOR—WILFULNESS.—If a conductor fail to observe the condition of one who has made known to him his intention of becoming a passenger on his train, through a disregard of the fact as to who he might be, and he is injured by reason of his infirmity in attempting to get on the train, the conductor having started it before he could board it, the jury may conclude from this fact that the conductor was reckless of the passenger's rights or guilty of wilful misconduct.

2. DEFINING WILFULNESS as an act proceeding from the will; done of a purpose; an intention to do it; construed in connection with what immediately precedes it and explanatory illustration, is not error.

3. HARMLESS ERROR.—If there be evidence tending to support wilfulness, it is harmless error for Judge to say he is not permitted to say if there is any evidence tending to support wilfulness.

Before Gage, J., Edgefield, October, 1905.    Affirmed.

Action by W. M. Talbert against Charleston and Western Carolina Ry.    From judgment for plaintiff, defendant appeals.

*Messrs. S. J. Simpson* and *Sheppard Bros.,* for appellant.

*Mr. Simpson* cites: *There being no evidence tending to show wilfulness, nonsuit should have been granted as to that cause of action:* 72 S. C., 257, 343.    *Or new trial granted:* 69 S. C., 439; 72 S. C., 343.    *Respondent should have given notice to sustain Circuit order refusing new trial on other evidence to show wilfulness:* 45 S. C., 1, 27.    *What is a wilful act?* 2 Suth. on Dam., 1093; *Kibler* v. *Ry.,* 62 S. C.; *Avinger* v. *Ry.,* 29 S. C.; 64 S. C., 423; *Aaron* v. *Ry.,* 68 S. C.; 69 S. C., 439, 453; 73 S. C., 13; 72 S. C., 343.

*Messrs. Sheppard Bros.* cite: *Under what conditions punitive damages may be awarded:* 69 S. C., 444, 530, 453; 64 S. C., 424; 68 S. C., 101.

*Messrs. J. Wm. Thurmond, Jas. H. Tillman* and *S. M. Smith, Jr.,* contra, cite: *Definition and illustration of wilfulness are simple and accurate:* 49 S. C., 298.    *Fuller definition should have been requested:* 70 S. C., 159; 46 S. C., 43. *Duty of conductor to passenger:* 5 Ency., 2 ed., 562; 62 S. C., 130; 66 S. C., 6.    *Duty of carrier to passenger:* 6 L. R. A., 197; 21 S. C., 499; 4 R., 134; 53 S. C., 213.

September 7, 1906.    The opinion of the Court was delivered by

Mr. Justice Gary.    This is an action for damages, alleged to have been sustained by the plaintiff, through the negligence and wilfulness of the defendant; and it is the second time it has been before this Court on appeal (72 S. C., 137).    The allegations of the complaint are substantially as follows:

That the plaintiff went into the ticket office of the defendant at McCormick, S. C., for the purpose of buying a ticket and becoming a passenger on the train of cars that had stopped at said station; that the agent was not in his office, but the conductor of said train was there, to whom the plaintiff made known his business, whereupon the conductor replied: "The agent is not in, I am going, you had better get on the train," and seemed in a hurry; that they went out, and the conductor directed him to get on the train.

The alleged acts of negligence and wilfulness on the part of the defendant, according to plaintiff's analysis of the complaint, are:

"First. Absence of a ticket agent.

"Second. The act of the conductor in signalling the train to start when plaintiff was obviously in the act of boarding it, knowing it would start before he could board it.

"Third. The conductor's act in inviting plaintiff to board the train, and in not holding, but signalling it forward before he could board it.

"Fourth. The conductor's failure to help plaintiff on the train, as he saw plaintiff had but one hand.

"Fifth. In allowing a trunk to be and remain so near the track as to endanger persons getting on and off the train.

"Sixth. In moving the train rapidly while plaintiff was in a perilous position, and throwing him against the ground, and then movng away from him, leaving him injured without giving him any attention."

The complaint is set out in full in 72 S. C., 137.

The jury rendered a verdict in favor of the plaintiff for $2,750, and the defendant appealed.

The first question that will be considered is whether there was error in refusing the motions for nonsuit and a new trial, on the ground that there was an entire failure of testimony tending to sustain the allegations of negligence. Under the ruling of this Court upon the former appeal, the first of the alleged acts of negligence is eliminated from consideration. There was testimony, however, tending either positively or

inferentially to establish, at least, some of the other acts of negligence, and the exceptions raising this question are overruled.

The next question that will be considered is, whether there was error in refusing the motions for nonsuit and new trial, on the ground that there was no testimony whatever tending to show wilful misconduct on the part of the defendant. Apart from the general trend of the testimony indicating a disregard of the plaintiff's rights, we would call special attention to the following testimony of E. L. Foster, the conductor in charge of said train, to wit: "Q. Did you know that this gentleman was a one-armed man when he spoke? A. I did not know the man; I did not even look up; all my conversation was with that man while I was writing; I did not look around to see who he was, because I did not care. Q. You knew you did tell him to go ahead and get on? A. Yes, sir * * * I told him to get on the train, that it did not cost any more, and that we were not going to stay there all day." This conversation took place in the ticket office.

The appellant, however, contends, that this testimony does not tend to show wilfulness, for the reason that the remark was made in connection with and in reference to the act of negligence, which has been eliminated from consideration, to wit: the alleged failure to have a ticket agent in the depot at that time; and that said remark was not made in connection with nor in reference to the other acts of negligence upon which the plaintiff relied. There might be much force in this argument, if the conductor had confined his remarks to giving information in regard to the ticket office. He, however, not only did this, but directed the plaintiff to get aboard the train, which was then under his supervision and control. If the conductor failed to disregard the condition of the plaintiff after he had made known his intention to become a passenger, through a disregard of the fact as to who might be the intended passenger, then the jury had the right to consider this fact in determining whether the failure

---

of the conductor to observe the plaintiff's condition was due to wilful misconduct.

Why did not the conductor care who was about to get aboard his train? The jury has answered, because he was reckless of the plaintiff's rights; and this Court cannot say that there was no testimony whatever tending to prove this fact. The exceptions raising this question cannot be sustained.

The third question to be considered is presented by the following exception: "Because the presiding Judge erred in charging the jury as to the right of the plaintiff to punitive damages for wilfulness, as follows: 'Wilful is what that word implies; it means an act proceeding from a will, done of a purpose, an intention to do it.' And again: 'Wilfulness is an act which proceeds from the will so as to make the act a purpose act.' And further, that if the railroad company had been guilty of wilfulness, as defined, then the jury should render a verdict for punitive damages; the error being that the definition of wilfulness as forming the basis for punitive damages as given, was incorrect in law, in that it made the test of wilfulness the question whether the act complained of was, or was not, intentional, and altogether omitted the essential element of consciousness of invading another's right, or doing another a wrong."

The charge set out in the exception must be construed in connection with the following, which preceded it: "Now, the difference between inadvertence and wilfulness is this: I will illustrate it in a simple way: If you send your little boy, Mr. Foreman, on an errand for you, and tell him to feed your horse, and he returns to you, and you say to him, 'Did you feed my horse?' he says, 'No;' you say, 'Why?' he says, 'I forgot it.' This is inadvertence. But suppose he said to you, 'No, I did not feed your horse; I recalled the fact you told me to feed your horse, but I did not want to feed him.' That is wilfulness. You know the difference between a negligent child and a wilful child."

When the charge mentioned in the exception is considered in connection with the explanatory illustration, it is free from error. Furthermore, if the appellant desired a more extended charge, there should have been requests to that effect.

The last question for consideration is presented by the following exception: "Fourth. Because the presiding Judge erred in charging the jury as follows: 'I am not permitted to say there is, or is not, any testimony tending to support wilfulness. I am not permitted to say whether there was any wilfulness or not—that is a question for the jury.' Whereas, under the law, he did have the right, and was under the duty to charge the jury that there was no evidence tending to show wilfulness—if, in point of fact, there was no such evidence, and his failing to so charge the jury in this case was error of law."

While his Honor erred in stating that he was not permitted to say there is, or is not, any testimony tending to show wilfulness (as this is a question of law), nevertheless, the error was not prejudicial, because we have shown that there was testimony tending to sustain the allegations of wilfulness.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.

MESSRS. JUSTICES JONES *and* WOODS *concur in the result.*